UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| MARRY MORRIS, *et al.*, | ) |
| | ) |
|    *Plaintiffs*, | ) |
| | ) |
| v. | )    Case No. 1:05-cv-358 |
| | ) |
| THE CHATTANOOGA HOUSING | )    Judge Mattice |
| AUTHORITY, *et al.*, | ) |
| | ) |
|    *Defendants*. | ) |

**MEMORANDUM AND ORDER**

Plaintiffs assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634; and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 to 1004. Before the Court are Defendants' Motion to Dismiss for Failure to Establish Administrative Prerequisites (Court Doc. No. 27) and Motion to Dismiss Plaintiff Morris' State Law Age Discrimination Claim (Court Doc. No. 41). Each seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of some, but not all, of Plaintiffs' claims. The Court will address each of Defendants' arguments in turn.

**I.    FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The complaint must contain either "direct or inferential allegations respecting all the material elements to sustain a recovery . . . ." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (internal quotations and citations omitted). The Court must determine not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In making this determination, the Court must construe the complaint in the light most favorable to plaintiff and accept as true all well-pleaded factual allegations. *Arrow*, 358 F.3d at 393; *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). The Court need not accept as true mere legal conclusions or unwarranted factual inferences. *Id.*

A motion for dismissal pursuant to Rule 12(b)(6) can be made with respect to any or all claims asserted in a complaint. *See Burzynski v. Cohen*, 264 F.3d 611 (6th Cir. 2001) (upholding granting of a partial motion to dismiss).

## II. FACTS

The events giving rise to each of Plaintiffs' claims occurred on April 18, 2005. (*See* Court Doc. No. 39, Am. Compl. ¶ 25) Plaintiffs filed their original Complaint on December 12, 2005. (Court Doc. No. 1, Compl.) Plaintiffs each asserted causes of action for racial discrimination under Title VII and age discrimination under the ADEA. (*See id.*) Before filing their Complaint, Plaintiffs filed charges with the Tennessee Human Rights Commission ("THRC"). Plaintiff Morris included only allegations of racial discrimination in her THRC charge. (Court Doc. No. 27-2; Morris THRC Charge.) Plaintiffs Love and Smith included only allegations of age discrimination. (Court Doc.

No. 27-3, Love THRC Charge; Court Doc. No. 27-4, Smith THRC Charge.) Plaintiffs filed an Amended Complaint on February 5, 2007, in which they asserted, in addition to their federal causes of action, companion claims under the THRA. (*See* Am. Compl.)

## III. ANALYSIS

### A. Administrative Prerequisites

Defendants first argue that Plaintiffs failed to satisfy administrative prerequisites to their Title VII or ADEA claims. Specifically, Defendants contend that Plaintiff Morris's age discrimination claim under the ADEA, and Plaintiffs Love's and Smith's racial discrimination claim under Title VII should fail because Plaintiffs did not satisfy administrative prerequisites to these claims.

To maintain a Title VII or ADEA action, a plaintiff must establish that she has met her administrative prerequisites. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1); *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 194 (6th Cir. 1993); *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992); *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1486 (6th Cir. 1989). Tennessee is a "deferral state" for purposes of the federal discrimination statutes. *Weigel v. Baptist Hosp. of E. Tenn.*, 302 F.3d 367, 375-76 (6th Cir. 2002); *Jackson v. Richards Med. Co.*, 961 F.2d 575, 578-79 (6th Cir. 1992); *see* Tenn. Code Ann. § 4-21-101. As an administrative prerequisite, a Title VII or ADEA plaintiff in a deferral state must present a discrimination charge to the appropriate state administrative agency prior to initiating suit in federal court. *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 753-55 (1979); *Howlett,* 49 F.3d at 194. This administrative charge must be sufficiently specific. Unless the claimant explicitly files [her claim of discrimination in the charge] or the claim can reasonably be expected to grow out of the

. . . charge," she has failed to meet her administrative prerequisite, and cannot file a cause of action based on the alleged discrimination. *Abeita v. TransAm. Mailings, Inc.*, 159 F.3d 246, 254 (6th Cir. 1998) (interpreting Title VII).

In the instant case, the parties agree that Plaintiffs' THRC charges do not explicitly state the ADEA and Title VII claims at issue. Instead, Plaintiffs argue that these causes of action can be expected to grow out of the charges by way of the so-called "single filing rule." In order for the single filing rule to apply, a discrimination claim not explicitly stated in the administrative charge must be substantially related to a claim included in a properly filed charge, and the unstated claim must have arisen out of similar discriminatory treatment which occurred within the same time frame. *See E.E.O.C. v. Wilson Metal Casket*, 24 F.3d 836, 840 (6th Cir. 1994).

The single filing rule allows a plaintiff who filed an untimely charge, or neglected to file a charge at all, to join a Title VII action if another plaintiff filed a timely charge. *See*, *e.g.*, *Howlett,* 49 F.3d at 194. Plaintiffs do not cite, however, and the Court has not found, an instance in which the United Stats Court of Appeals for the Sixth Circuit accorded the benefit of the single filing rule to a plaintiff who instead has, as is the case here, filed a charge and seeks to include additional causes of action within her charge.

Other courts have, however, rejected the argument which Plaintiff advances in the case at bar. *See Gitlitz v. Compagnie Nat'l Air France*, 129 F.3d 554, 558 (11th Cir. 1997) (citing *Anderson v. Unisys Corp.*, 47 F.3d 302, 308-09 (8th Cir. 1995)) ("where a plaintiff has filed an individual EEOC charge, such a plaintiff should be required to rely upon his or her own charge, and cannot reasonably rely upon the other claimant's charge"); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223 (5th Cir. 1995) (holding

that the single filing rule applies only to allow a plaintiff "*who did not file an EEOC charge*, to piggyback on the EEOC complaint file by another person who is similarly situated."); *Smith v. HealthSouth Rehab. Ctr. of Memphis, Ltd.,* 234 F. Supp. 2d 812, 815-16 (W.D. Tenn. 2002) (There is "a distinction made by the courts between the ability to piggyback where the plaintiff seeking to join the suit of another who has filed a charge and where she has not." A plaintiff may only "benefit from the single filing rule if she did not file an EEOC charge at all or if she filed a charge that was untimely."); *Wallis v. NPC Intern., Inc.*, No. 5:06-CV-00058-R, 2007 WL 923091, at *3 (W.D. Ky. Mar. 21, 2007). The Court finds the reasoning employed by these other courts persuasive and, in the absence of direction from the Sixth Circuit, will not extend the single filing rule to excuse the omissions in Plaintiffs' charges.

Further, Plaintiffs have included nothing in their charges to put the reviewing agency on notice of the respective Title VII or ADEA claims now at issue here. The Court notes that "a claim that the EEOC does investigate, or reasonably would investigate, based on the facts alleged in the charging document, even though the claim itself is not listed in the charge, can be a basis for a lawsuit." *Ward v. Hickory Steak House*, 73 Fed. App'x 798, 800-01 (6th Cir. 2003) (citing *Duggins v. Steak 'N Shake, Inc.,* 195 F.3d 828, 832-33 (6th Cir. 1999); *Davis v. Sodexho,* 157 F.3d 460, 463 (6th Cir. 1998)). Plaintiffs here, however, alleged no facts in their charges to support the causes of action they now attempt to assert. Plaintiff Morris failed to include any allegation pertaining to her age, except for her date of birth under "contact information." (Morris THRC Charge 2.) The Sixth Circuit has previously held that this is insufficient to preserve a claim under the ADEA that is not explicitly included in the charge. *Davis,*

157 F.3d at 464. Plaintiffs Love's and Smith's charges make no mention of race. (*See* Love THRC Charge; Smith THRC Charge.) As Plaintiffs have failed to allege any information that would notify the THRC of the claims at issue, these claims cannot go forward. *See Davis,* 157 F.3d at 464-65. Accordingly, Defendants' Motion to Dismiss for Failure to Establish Administrative Prerequisites will be **GRANTED**.

### B.  Plaintiff Morris' State Law Age Discrimination Claim

Defendants also seek dismissal Plaintiff Morris's claim of age discrimination under the THRA. Defendants argue that Plaintiff Morris's claim is untimely in that Federal Rule of Civil Procedure 15(c) does not apply, or, in the alternative, that the Court either lacks or should decline supplemental jurisdiction over Plaintiff Morris's claim pursuant to 28 U.S.C. § 1367.

#### 1.  *Relation Back Under Rule 15(c)*

The events that gave rise to Plaintiff Morris's THRA age discrimination claim occurred on April 18, 2005. Plaintiffs filed their Amended Complaint, in which Plaintiff Morris first asserted the THRA age discrimination claim, on February 5, 2007, which is well outside the one-year statute of limitations. *See* Tenn. Code Ann. § 4-21-311(d) ("A civil cause of action under [the THRA] shall be filed . . . within one (1) year after the alleged discriminatory practice ceases . . . ."). To be rendered timely, Plaintiff Morris's claim must relate back to the date of filing of her original complaint—December 22, 2005—under Rule 15(c).

Rule 15(c)(2) states that "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to

be set forth in the original pleading . . . ." Defendants argue that, since Plaintiff Morris's ADEA claim is subject to dismissal, "there is no claim . . . to which to 'relate this claim back' "under Rule 15(c)(2). (Court Doc. No. 41, Defs.' Mot. to Dismiss Pla. Morris' State Law Age Discrimination Claim 1).

Defendants' argument urges an overly narrow interpretation of Rule 15(c)(2). The requirement set forth in Rule 15(c)(2) is not claim-specific. [A] court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence. *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000); *Hageman v. Signal L.P. Gas, Inc.,* 486 F.2d 479, 484 (6th Cir. 1973) ("where the parties are the same, . . . an amendment which adds another claim arising out of the same transaction or occurrence does relate back to the date of the original complaint."). Clearly, Plaintiff Morris's THRA claim arises out of the same transaction as her remaining Title VII claim. Both stem from Defendants' refusal to hire her on April 18, 2005. Accordingly, Plaintiff Morris's THRA claim is timely, and Defendants' Motion to Dismiss Plaintiff Morris's THRA claim will be **DENIED** in this respect.

2. *Supplemental Jurisdiction Under § 1367*

Defendants argue that the Court either lacks or should decline supplemental jurisdiction over Plaintiff Morris's claim pursuant to § 1367. Defendants first argue that there is no basis for the Court to exercise supplemental jurisdiction to hear Plaintiff Morris's THRA claim. Section 1367(a) recites the outer limits of supplemental jurisdiction, which are those set forth in Article III of the U.S. Constitution's same case or controversy requirement. According to the United States Supreme Court, to form part of

the same case or controversy under Article III, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). In the instant case, both Plaintiff Morris's THRA claim and her Title VII claim stem from Defendants' refusal to hire her. Just as her THRA claim arises out of the same transaction or occurrence as her Title VII claim, *see supra*, so do the claims derive from a common nucleus of operative fact. Accordingly, the Court may exercise supplemental jurisdiction over Plaintiff's THRA claim in keeping with § 1367 and Article III of the U.S. Constitution.

Defendants next argue that the Court should decline to exercise its supplemental jurisdiction over Plaintiff Morris's THRA claim pursuant to § 1367(c)(2). *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (confirming "the discretionary nature of supplemental jurisdiction" under § 1367). Defendants contend that the THRA claim would "substantially predominate[]" over Plaintiff Morris's ADEA claim because the ADEA claim is subject to dismissal. 28 U.S.C. § 1367(c)(2).

Again, Defendants' claim-specific argument is excessively restrictive. Section 1367(c) is a codification of pre-existing law of pendant jurisdiction, which was set forth by *Gibbs*. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). In determining whether a state claim substantially predominates over federal claims, courts look "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," *Gibbs*, 383 U.S. at 726, and not simply to whether there exists an identical federal claim.

While Plaintiff Morris's ADEA claim will not go forward, her Title VII claim will. Further, nothing in the record suggests that Plaintiff Morris's THRA claim will

predominate over her Title VII claim in terms of proof, scope of the issues, or remedy. *See id.* Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff Morris's THRA claim pursuant to § 1367. Defendants' Motion to Dismiss Plaintiff Morris's THRA claim will, therefore, be **DENIED**.

**IV.    CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss for Failure to Establish Administrative Prerequisites (Court Doc. No. 27) is **GRANTED** and Defendants' Motion to Dismiss Plaintiff Morris' State Law Age Discrimination Claim (Court Doc. No. 41) is **DENIED**. Plaintiff Morris's claim of age discrimination under the ADEA, Plaintiff Love's claim of racial discrimination under Title VII, and Plaintiff Smith's claim of racial discrimination under Title VII are **DISMISSED WITH PREJUDICE**.

SO ORDERED this 1st day of August, 2007.

　　　　　　　　　　　　　　　　　　　　　*/s/ Harry S. Mattice, Jr.*
　　　　　　　　　　　　　　　　　　　　　HARRY S. MATTICE, JR.
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE